IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Raymond Wray, individually and as class representatives of others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CitiMortgage, Inc.,<br><br>Defendant. | 3:12-3628-CMC<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)**<br><br>**(Class Action)** |

## INTRODUCTION

1. Plaintiff Raymond Wray bring this Class Action on behalf of himself and all similarly situated persons in the United States Armed Forces and other servicemembers attached thereto who, while being entitled to the protections of the Servicemembers Civil Relief Act, 50 U.S.C.A. §§ 501 *et seq.* (hereinafter "SCRA,"), suffered violations of the SCRA in connection with the servicing of loans secured by real property at the hands of Defendant CitiMortgage, Inc. (hereinafter, "CitiMortgage").

2. The United States enacted the Servicemembers Civil Relief Act in 1940 with the intent "to provide for, strengthen, and expedite the national defense through protection extended by this Act . . . to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation[.]" 50 App. U.S.C.A. § 502(1). The SCRA extends to members of the uniformed services while on active duty. 50 App. U.S.C.A. § 511.

3. Specific to home mortgages, the SCRA mandates that

> An obligation or liability bearing interest at a rate in excess of 6 percent per year that is incurred by a servicemember, or the servicemember and the servicemember's spouse jointly, before the servicemember enters military service shall not bear interest at a rate in excess of 6 percent … during the period of military service and one year thereafter, in the case of an obligation or liability

      consisting of a mortgage, trust deed, or other security in the nature
      of a mortgage.

50 App. U.S.C. § 527(a)(1)(A).

   4.  This class action complaint alleges that CitiMortgage systematically and uniformly violated the "six percent" provision of Section 527 as to all CitiMortgage loans possessed by men and women in the United States military entitled to SCRA protection.

## PARTIES

   5.  Plaintiff Raymond Wray is a Staff Sergeant in the United States Army and serves on active duty on Fort Jackson in Columbia, South Carolina.

   6.  CitiMortgage, Inc. is a corporation organized and existing under the laws of the State of New York and has its principal place of business in O'Fallon, Missouri.

## JURISDICTION AND VENUE

   7.  The claims asserted herein arise under the Servicemembers Civil Relief Act, 50 U.S.C.A. §§ 501 *et. seq*.

   8.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that the claims arise under the laws of the United States.

   9.  CitiMortgage conducts business in South Carolina, has entered into contracts to be performed in whole or in part in South Carolina and is subject to personal jurisdiction in South Carolina under the State's Long-Arm Statute, S.C. Code § 36-2-803.

   10.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) as many of the acts and transactions forming the basis of the claims in this action occurred in substantial part in this District and CitiMortgage is a corporate entity which is subject to personal jurisdiction in this District.  Venue is proper in this Division pursuant to Local Rule 3.01(A)(1)

in as much as CitiMortgage does business relating to the events or omissions alleged in this complaint within this Division.

## FACTS

### United States Army Staff Sergeant Raymond Wray

11.     On June 25, 1997, Raymond Wray—then a civilian—purchased a residence located at 104 Pinecrest Street, Boiling Springs, North Carolina 28017. Pursuant to a written agreement dated June 25, 1997, Wray took out a purchase money mortgage (hereinafter "Loan") in the amount of $68,800 with Ameritrust Mortgage Corporation for the purchase of the 104 Pinecrest home. The Loan was a fixed-rate mortgage with interest to be paid at a yearly rate of 12.99% over a period of 30 years. The mortgage was eventually assumed by CitiMortgage at some time prior to November 1, 2002.

12.     SSG Wray enlisted in the United States Army on September 28, 1999. SSG Wray has served on active duty in the United States Army continuously since that date.

13.     At some time prior to November 1, 2002, SSG Wray requested that CitiMortgage apply SCRA benefits to the Loan securing the 104 Pinecrest property.

14.     CitiMortgage began acknowledging SSG Wray's entitlement to SCRA benefits in November of 2002. However, CitiMortgage did not reduce SSG Wray's interest rate to 6.00%, as required by the SCRA. Rather CitiMortgage altered Wray's payment to permit Wray to pay only a portion of the prescribed monthly payment amortized over 30 years at 12.99% interest. The remainder of the prescribed payment was paid by CitiMortgage itself via a self-titled "interest subsidy."

15. A CitiMortgage representative described its "subsidy" program as follows: "The way Citi handles the 6.00% rate CAP is by calculating the difference in interest from the client's current interest rate and a 6.00% interest rate. Citi then pays the difference."

16. As a result of CitiMortgage's employment of the above-described method, SSG Wray's mortgage continued to bear interest at a rate of 12.99% and did so until CitiMortgage agreed to rescind the application of its "subsidy" policy in September of 2012. Consequently, SSG Wray consistently has paid less principal towards his home over the last ten years than that to which he was legally entitled and now enjoys substantially less equity in his home than he would had CitiMortgage adhered to the law.

## CLASS ALLEGATIONS

17. Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the following proposed class:

> All persons entitled to SCRA relief possessing a mortgage, trust deed, or other security in the nature of a mortgage with CitiMortgage, Inc. from November 1, 2002 to the present whose mortgage, trust deed, or other security bore interest in excess of six percent.
>
> Excluded from the Class are CitiMortgage, Inc., its subsidiaries and affiliates, its officers, directors and employees, members of their immediate family and their legal representatives, heirs, successors or assigns and any entity in which any of the foregoing has a controlling interest.

18. CitiMortgage is a wholly-owned subsidiary of Citigroup, NA, the largest bank in the world. Since 2003, more than 1.5 million Americans have served on active duty in Iraq alone. See Department of Defense, http://www.defense.gov/news/newsarticle.aspx?id=66478 (last visited December 20, 2012). As a result, the members of the Class are so numerous and dispersed that joinder of all members is impracticable.

19. Record owners and other members of the Class may be identified from the records maintained by CitiMortgage.

20. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among questions of law and fact common to the Class are:

    a. Whether CitiMortgage, in its accounting and reporting of the reduction of Class members' interest rates, employed methods which are unlawful under the SCRA.

    b. Whether the Class members have sustained damages and, if so, what the appropriate measure of those damages should be.

21. Plaintiff's claims are typical of the claims of the members of the Class in that he and members of the Class sustained damages arising out of CitiMortgage's repeated violations of the SCRA.

22. Plaintiff will fairly and adequately protect the interests of the members of the Class as Plaintiff's claims are not antagonistic to the claims of the Class and that there are no conflicts between Plaintiff's claims and the claims of the Class members.

23. Plaintiff has retained attorneys competent and experienced in class action litigation and the Servicemembers Civil Relief Act who have collectively obtained judgments or settlements valued at over $100 million in class litigation during the past five years and have extensive trial and appellate experience in federal court.

24. The Class consists of eligible servicemembers who are or have been on active duty in any branch of the armed forces of the United States as well as the commissioned corps of the National Oceanic and Atmospheric Administration and the commissioned corps of the Public Health Service. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members of the Class is impracticable, adjudication of the controversy through a class action will avoid the possibility of

inconsistent and possibly conflicting adjudications of the claims asserted herein and there will be no difficulty in the management of this action as a class action.

### FIRST CAUSE OF ACTION
### (Violation of 50 U.S.C. App. 527(b)(2)—Declaratory Judgment)

25. Plaintiff realleges each and every allegation set forth above as if repeated verbatim herein.

26. Plaintiff Wray enlisted in the United States Army on September 28, 1999 and has served on active duty since that date. The CitiMortgage loan at issue in this case originated on June 25, 1997 and thus was "[a]n obligation or liability … that is incurred by a servicemember … before the servicemember enters military service…". 50 App. USCA § 527(a)(1). Plaintiff Wray has notified CitiMortgage of his calling to active duty pursuant to the requirements set forth within Section 527(b)(1) of the SCRA and CitiMortgage has recognized Wray's entitlement to SCRA benefits.

27. Section 527 of the SCRA mandates that obligations or liabilities possessed by eligible servicemembers not bear more than six percent interest.

> An obligation or liability bearing interest at a rate in excess of 6 percent per year that is incurred by a servicemember, or the servicemember and the servicemember's spouse jointly, before the servicemember enters military service shall not bear interest at a rate in excess of 6 percent … during the period of military service and one year thereafter, in the case of an obligation or liability consisting of a mortgage, trust deed, or other security in the nature of a mortgage.

50 App. U.S.C. § 527(a)(1)(A).

28. Despite being aware of SSG Wray's SCRA eligibility, CitiMortgage failed to reduce SSG Wray's interest rate to six percent, but rather continued to apply the preexisting 12.99% interest rate to the mortgage at issue. Rather than reducing the interest rate as required by the SCRA, CitiMortgage reduced SSG Wray's required payment and accounted for the difference by applying CitiMortgage's above-described "interest subsidy" program.

29. Pursuant to 50 App. U.S.C. § 597a, "[a]ny person aggrieved by a violation of [the Servicemembers Civil Relief Act] may in a civil action (1) obtain any appropriate equitable or declaratory relief with respect to the violation." The SCRA further provides for "the costs of the action, including a reasonable attorney fee." 50 App. U.S.C. § 597a.

30. Plaintiff Wray seeks a declaratory judgment on behalf of himself and all Class Members finding that CitiMortgage violated 50 App. U.S.C. § 527. In conjunction with his request for declaratory judgment, Plaintiff Wray also seeks reimbursement for the costs of the action and payment of reasonable attorneys fees.

## SECOND CAUSE OF ACTION
### (Violation of 50 U.S.C. App. 527—Statutory Action for Monetary Damages)

31. Plaintiff realleges each and every allegation set forth above as if repeated verbatim herein.

32. Plaintiff Wray enlisted in the United States Army on September 28, 1999 and has served on active duty since that date. The CitiMortgage loan at issue in this case originated on June 25, 1997 and thus was "[a]n obligation or liability … that is incurred by a servicemember … before the servicemember enters military service…". 50 App. USCA § 527(a)(1). Plaintiff Wray has notified CitiMortgage of his calling to active duty pursuant to the requirements set forth within Section 527(b)(1) of the SCRA and CitiMortgage has recognized Wray's entitlement to SCRA benefits.

33. Section 527 of the SCRA mandates that obligations or liabilities possessed by eligible servicemembers not bear more than six percent interest.

> An obligation or liability bearing interest at a rate in excess of 6 percent per year that is incurred by a servicemember, or the servicemember and the servicemember's spouse jointly, before the servicemember enters military service shall not bear interest at a rate in excess of 6 percent … during the period of military service and one year thereafter, in the case of an obligation or liability consisting of a mortgage, trust deed, or other security in the nature of a mortgage.

7

50 App. U.S.C. § 527(a)(1)(A).

34. CitiMortgage failed to reduce SSG Wray's interest rate to six percent, but rather continued to apply the preexisting 12.99% interest rate to the mortgage at issue. Rather than reducing the interest rate as required by the SCRA, CitiMortgage reduced SSG Wray's required payment and accounted for the difference by applying CitiMortgage's above-described "subsidy" program.

35. Consequently, SSG Wray consistently has paid less principal towards his home over the last ten years than that to which he was legally entitled and now enjoys substantially less equity in his home than he would had CitiMortgage adhered to the law.

36. Pursuant to 50 App. U.S.C. § 597a, "[a]ny person aggrieved by a violation of [the Servicemembers Civil Relief Act] may in a civil action … (2) recover all other appropriate relief, including monetary damages." The SCRA further provides for "the costs of the action, including a reasonable attorney fee." 50 App. U.S.C. § 597a.

37. Plaintiff Wray seeks compensatory, consequential, and punitive damages on behalf of himself and all Class Members finding that CitiMortgage violated 50 App. U.S.C. § 527. In conjunction with his request for declaratory judgment, Plaintiff Wray also seeks reimbursement for the costs of the action and payment of reasonable attorneys fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Plaintiff Class, prays for relief and judgment as follows:

a. A determination that this action is a proper class action, and certifying Plaintiff as Lead Plaintiff and as Class Representative and Plaintiff's counsel as Class Counsel under Rule 23 of the Federal Rules of Civil Procedure;

b. A declaration that CitiMortgage, Inc. violated Section 527 of the SCRA as to the Plaintiff and the Plaintiff Class by imposing interest on the mortgages at issue in excess of six percent;

c. An award of compensatory, consequential, and punitive damages in favor of Plaintiffs and all other Class Members against Defendant for all damages sustained as a result of Defendant's wrongdoing in an amount to be proven at trial;

d. An award to Plaintiff and Class Members their costs and disbursements of this suit, including reasonable attorneys' fees, accountants' fees and experts' fees;

e. An award to Plaintiff of an incentive payment for serving as Class Plaintiff;

f. Prejudgment interest; and

g. Awarding such other and further relief as may be just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demand a trial by jury on all claims so triable.

s/ Richard A. Harpootlian
Richard A. Harpootlian (Fed. I.D. # 1730)
Graham L. Newman (Fed. I.D. # 9746)
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street
Post Office Box 1040
Columbia, South Carolina 29202
(803) 252-4848
(803) 252-4810 (facsimile)
rah@harpootlianlaw.com
gln@harpootlianlaw.com

ATTORNEYS FOR PLAINTIFF AND
PLAINTIFF CLASS