IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Raymond Wray, individually and as class representatives of others similarly situated, ) ) ) | C/A No. 3:12-3628-CMC |
| Plaintiffs, ) ) ) | **OPINION and ORDER** |
| v. ) ) | |
| CitiMortgage, Inc., ) ) | |
| Defendant. ) ) | |

  Through this action, Plaintiff Raymond Wray, on behalf of himself and all similarly situated persons in the United States Armed Forces and other servicemembers attached thereto, seeks a declaration that CitiMortgage, Inc. ("CitiMortgage" or "CMI") violated Section 527 of the Servicemembers Civil Relief Act, 50 U.S.C. §§ 501 *et seq.* ("SCRA"), as well as damages for the alleged violations. The matter is before the court on CitiMortgage's motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6). For reasons set forth below, CitiMortgage's motion to dismiss is denied.

**STANDARD**

  A motion under Federal Rule of Civil Procedure 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claims that entitles him to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Although the court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions [the plaintiff would draw] from the facts." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore*

1

*Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). The court may also disregard any "unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

The Rule 12(b)(6) standard has often been expressed as precluding dismissal unless it is certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged. *See Mylan Labs., Inc. v. Markari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Nonetheless, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (quoted in *Giarratano*, F.3d at 302).

Thus, in applying Rule 12(b)(6), the court also applies the relevant pleading standard. Despite the liberal pleading standard of Rule 8, a plaintiff in any civil action must include more than mere conclusory statements in support of a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (court need only accept as true the complaint's *factual* allegations, not its legal conclusions); *see also Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278 (4th Cir. 2012), for proposition plaintiff need not forecast *evidence* sufficient to prove the elements of a claim, but must allege sufficient *facts* to establish those elements).

## DISCUSSION

Wray alleges that "CitiMortgage systematically and uniformly violated the 'six percent' provision of Section 527 as to all CitiMortgage loans possessed by men and women in the United States military entitled to SCRA protection." Dkt. No. 1 at 2 (Compl. ¶ 4). Section 527 of the SCRA provides certain relief for servicemembers for loans incurred prior to active service, while they are serving and for one year afterwards. Specifically, Section 527 limits the interest rate on a servicemember's loan to 6%:

> An obligation or liability bearing interest at a rate in excess of 6 percent per year that is incurred by a servicemember, or the servicemember and the servicemember's

> spouse jointly, before the servicemember enters military service shall not bear interest at a rate in excess of 6 percent--
>
> > (A) during the period of military service and one year thereafter, in the case of an obligation or liability consisting of a mortgage, trust deed, or other security in the nature of a mortgage; or
>
> > (B) during the period of military service, in the case of any other obligation or liability.

50 App. U.S.C. § 527(a)(1). Further, Section 527 provides that "[i]nterest at a rate in excess of 6 percent per year that would otherwise be incurred but for the prohibition in paragraph (1) is forgiven." *Id.* at § 527(a)(2). Section 527 also prohibits the acceleration of principal:

> The amount of any periodic payment due from a servicemember under the terms of the instrument that created an obligation or liability covered by this section shall be reduced by the amount of the interest forgiven under paragraph (2) that is allocable to the period for which such payment is made.

*Id.* at § 527(a)(3).

Wray alleges that, after he enlisted in the United States Army and began serving on active duty, he requested that CitiMortgage apply SCRA benefits to his 30-year fixed-rate mortgage with a yearly interest rate of 12.99%, secured by a residence in North Carolina. Wray further alleges:

> 14. CitiMortgage began acknowledging SSG Wray's entitlement to SCRA benefits in November of 2002. However, CitiMortgage did not reduce SSG Wray's interest rate to 6.00%, as required by the SCRA. Rather CitiMortage altered Wray's payment to permit Wray to pay only a portion of the prescribed monthly payment amortized over 30 years at 12.99% interest. The remainder of the prescribed payment was paid by CitiMortgage itself via a self-titled "interest subsidy."
>
> 15. A CitiMortgage representative described its "subsidy" program as follows: "The way Citi handles the 6.00% rate CAP is by calculating the difference in interest from the client's current interest rate and a 6.00% interest rate. Citi then pays the difference."
>
> 16. As a result of CitiMortgage's employment of the above-described method, SSG Wray's mortgage continued to bear interest at a rate of 12.99% and did so until

> CitiMortgage agreed to rescind the application of its "subsidy" policy in September of 2012. Consequently, SSG Wray consistently has paid less principal towards his home over the last ten years than that to which he was legally entitled and now enjoys substantially less equity in his home than he would had CitiMorgage adhered to the law.

Compl. ¶¶ 14-16.

CitiMortgage moves to dismiss, arguing that Wray has not alleged facts to support his claim that CitiMortgage violated the 6.0% interest cap under the SCRA. CitiMortgage argues that "[t]he Complaint effectively admits that CMI complied with [Section 527]: it alleges that the amount Plaintiff paid each month was reduced by the amount of CMI's interest subsidy (the difference between 12.99% and 6%), thus leaving Plaintiff to pay only 6% interest." Dkt. No. 11-1 at 7-8.

Wray appears to concede that his monthly mortgage payments were reduced by CitiMortgage's interest subsidy program. Complaint ¶ 14 ("CitiMortage altered Wray's payment to permit Wray to pay only a portion of the prescribed monthly payment."). Although it is not entirely clear how CitiMortgage's interest subsidy worked, Wray alleges that his monthly payments were reduced by a subsidy, which was the difference in interest between a 12.99% and 6.0% interest rate. *Id.* at ¶ 15 (CitiMortgage "pa[id] the difference" "in interest from the client's current interest rate and a 6.00% interest rate."). Wray appears to allege, however, that despite the interest subsidy, CitiMortgage did not reamortize Wray's loan at an interest rate of 6% for the eligible time period. *Id.* ("Wray's mortgage continued to bear interest at a rate of 12.99%"). As a result, Wray "paid less principal towards his home over the last ten years than that to which he was legally entitled." *Id.* at ¶ 16. It appears that Wray contends that had his loan been reamortized at 6% for the eligible time period, his outstanding principal balance would have been reduced by a sum greater than it was under CitiMortgage's interest subsidy program. Based on the statute's requirement that a mortgage

"not bear interest at a rate in excess of 6 percent," the court cannot conclude that such a claim is unsupportable. The court, therefore, denies CitiMortgage's motion to dismiss.

## CONCLUSION

CitiMortgage's motion to dismiss is denied.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 26, 2013