IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Raymond Wray, individually and as class representatives of others similarly situated, ) ) ) Plaintiffs, ) ) vs. ) ) CitiMortgage, Inc., ) ) Defendant. ) ) | Civil Action No. 3:12-3628-CMC **ANSWER TO AMENDED COMPLAINT** |

Defendant CitiMortgage, Inc. ("Defendant" or "Citi"), by and through its undersigned attorneys, answers Plaintiff Raymond Wray ("Plaintiff")'s Amended Complaint (the "Amended Complaint"), as follows, while denying all allegations not specifically and expressly admitted below:

1. Answering Paragraph 1, Defendant admits that Plaintiff purports to bring claims in the Amended Complaint on behalf of a putative class. Defendant expressly denies that this case qualifies for certification as a class action and denies that the requirements for class certification under Rule 23 are met in this case. Defendant denies the remaining allegations in this paragraph. Further answering, Defendant expressly denies that it violated the Servicemembers' Civil Relief Act ("SCRA"), denies all of Plaintiff's claims, and denies any and all allegations of wrongdoing.

2. Answering Paragraph 2, Defendant states that the first sentence of this paragraph purports to cite to, characterize, and quote from a federal statute, which speaks for itself as to its contents. Accordingly, Defendant denies any characterizations or allegations of the same that are contrary thereto. The second sentence of this paragraph states legal conclusions, to which no

1

response is required. To the extent that these allegations are intended to be factual, Defendant denies Plaintiff's allegations and claims. Defendant denies any remaining allegations of this paragraph.

3. Answering Paragraph 3, Defendant states that this paragraph purports to cite to, characterize, and quote from a federal statute, which speaks for itself as to its contents. Accordingly, Defendant denies any characterizations or allegations of the same that are contrary thereto. Defendant denies any remaining allegations of this paragraph.

4. Answering Paragraph 4, Defendant admits that Plaintiff purports to allege a violation of the SCRA. Defendant denies any remaining allegations in this paragraph. Defendant expressly denies that it violated the SCRA, denies all of Plaintiff's claims, and denies any and all allegations of wrongdoing. Further answering, Defendant expressly denies that this case qualifies for certification as a class action and denies that the requirements for class certification under Rule 23 are met in this case.

5. Answering Paragraph 5, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and accordingly denies them.

6. Answering Paragraph 6, Defendant admits that it is a New York corporation and that its principal place of business is located in O'Fallon, Missouri. Defendant denies any remaining allegations in this paragraph.

7. Answering Paragraph 7, Defendant admits that Plaintiff purports to assert claims under the SCRA. Defendant denies any remaining allegations in this paragraph. Defendant expressly denies that it violated the SCRA, denies all of Plaintiff's claims, and denies any and all allegations of wrongdoing.

8. Answering Paragraph 8, Defendant states that the allegations of this paragraph state legal conclusions, to which no response is required. To the extent that these allegations are intended to be factual, Defendant denies Plaintiff's allegations and claims. Defendant denies any remaining allegations in this paragraph.

9. Answering Paragraph 9, Defendant admits that it conducts certain business in South Carolina. The remaining allegations of this paragraph state legal conclusions, to which no response is required. To the extent that these allegations are intended to be factual, Defendant denies Plaintiff's allegations and claims. Defendant denies any remaining allegations in this paragraph.

10. Answering Paragraph 10, Defendant states that the allegations of this paragraph state legal conclusions, to which no response is required. To the extent that these allegations are intended to be factual, Defendant denies Plaintiff's allegations and claims. Defendant denies any remaining allegations in this paragraph.

11. Answering Paragraph 11, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of this paragraph and accordingly denies them. With respect to the second sentence, Defendant admits that Wray purported to execute a $68,800 mortgage with Ameritrust Mortgage Corporation on or about June 25, 1997 to secure a loan for the property located at 104 Pinecrest Street, Boiling Springs, North Carolina 28017 (the "Property"). Defendant denies any remaining allegations in the second sentence of this paragraph. The third and fourth sentences of this paragraph purport to characterize the terms of Plaintiff's loan documents, which speak for themselves as to their contents. Accordingly, Defendant denies any characterizations or allegations of the same that are contrary thereto. With respect to the fifth sentence of this paragraph, Defendant admits that

3

Plaintiff's mortgage loan for the Property was serviced by CitiFinancial Mortgage Company, Inc. from May 1, 2001 to June 30, 2006. Defendant denies the remaining allegations of this paragraph.

12. Answering Paragraph 12, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and accordingly denies them.

13. Answering Paragraph 13, Defendant admits that, at some point in time in 2002, Plaintiff first requested benefits from CitiFinancial Mortgage Company, Inc. under the interest rate provisions of the SCRA for the Property. Defendant denies any remaining allegations in this paragraph.

14. Answering Paragraph 14, and with respect to the first sentence of this paragraph, Defendant admits that, starting in November 2002, the interest portion of Plaintiff's monthly mortgage payment was reduced as a result of Plaintiff notifying CitiFinancial Mortgage Company, Inc. that he was requesting benefits under the interest rate provisions of the SCRA. With respect to the second sentence of this paragraph, Defendant admits that CitiFinancial Mortgage Company, Inc. adjusted Plaintiff's monthly mortgage payment to $418.36, which was made effective as of Plaintiff's February 1, 2002 payment. Defendant denies any remaining allegations in the second sentence of this paragraph. With respect to the allegations contained in the third sentence of this paragraph, Defendant states that CitiFinancial Mortgage Company, Inc. utilized a 6% interest rate in calculating the $418.36 monthly mortgage payment. Defendant denies any remaining allegations of this paragraph, expressly denies that it violated the SCRA, denies all of Plaintiff's claims, and denies any and all allegations of wrongdoing.

15.     Answering Paragraph 15, and with respect to the first sentence of this paragraph, Defendant admits that CitiFinancial Mortgage Company, Inc. was acquired by CitiMortgage, Inc. on or about July 1, 2006. Defendant denies the remaining allegations of the first sentence of this paragraph. For the second sentence of this paragraph, Defendant admits that CitiMortgage, Inc., doing business as CitiFinancial Mortgage Company, Inc., began servicing Plaintiff's loan for the Property on or about July 1, 2006 and serviced the loan through June 30, 2008. Further answering, Defendant states that CitiMortgage, Inc. has serviced Plaintiff's loan for the Property from July 1, 2008 to present. Defendant denies the remaining allegations of the second sentence of this paragraph.

16.     Answering Paragraph 16, and with respect to the first sentence of this paragraph, Defendant admits that, in 2006, CitiFinancial Mortgage Company, Inc. and CitiMortgage, Inc. had different methods of applying the 6% interest rate provisions of Section 527 of the SCRA. Defendant denies the remaining allegations of the first sentence of this paragraph. For the second sentence of this paragraph, Defendant admits that, for a period of time, CitiMortgage, Inc. paid, on Plaintiff's behalf, a portion of the prescribed monthly payment amount representing the difference between the monthly mortgage payment amount paid by Plaintiff during his alleged period of protection under the SCRA and the contractual interest rate of 12.99%. At least for part of this time period, Defendant used the term "interest subsidy" to reflect the amount of interest paid by Defendant on behalf of Plaintiff. Defendant denies any remaining allegations in this paragraph.

17.     Answering Paragraph 17, without specificity as to the identity of Defendant's representative who purportedly made the alleged statement and the timing of the alleged statement, Defendant is without knowledge or information sufficient to form a belief about the

5

truth of the specific allegations contained in this paragraph and accordingly denies them. To the extent that this paragraph purports to quote from a written document, the document speaks for itself as to its contents. Accordingly, Defendant denies any characterizations or allegations of the same that are contrary thereto. Defendant denies any remaining allegations of this paragraph.

18. Answering Paragraph 18, Defendant denies the first sentence of this paragraph. For the second sentence of this paragraph, Defendant admits that Plaintiff's monthly mortgage payment was $510.36 for a certain period of time. Defendant denies any remaining allegations in the second sentence of this paragraph.

19. Answering Paragraph 19, Defendant admits that, on or about May 21, 2012, Plaintiff called Defendant with a representative on the telephone to inquire about the SCRA protections being afforded to Plaintiff on his mortgage loan for the Property. Defendant denies any remaining allegations of this paragraph.

20. Answering Paragraph 20, Defendant admits that it implemented the 6% stated rate on Plaintiff's account in or about September 2012. Defendant denies the remaining allegations of this paragraph.

21. Answering Paragraph 21, Defendant denies the allegations of this paragraph, expressly denies that it violated the SCRA, denies all of Plaintiff's claims, and denies any and all allegations of wrongdoing.

22. Answering Paragraph 22, Defendant admits that Plaintiff purports to bring claims in the Amended Complaint on behalf of a putative class. Defendant expressly denies that this case qualifies for certification as a class action and denies that the requirements for class certification under Rule 23 are met in this case. Defendant denies any remaining allegations in

this paragraph. Further answering, Defendant expressly denies that it violated the SCRA, denies all of Plaintiff's claims, and denies any and all allegations of wrongdoing.

23. Answering Paragraph 23, and with respect to the first sentence of this paragraph, Defendant admits that Citibank, N.A. is a parent company of CitiMortgage, Inc. and owns 70% of its stock. Defendant denies the remaining allegations in the first sentence of this paragraph. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence this paragraph and accordingly denies them. The third sentence of this paragraph states legal conclusions, to which no responses are required. To the extent such allegations are intended to be factual, Defendant denies Plaintiff's allegations and claims and denies any remaining allegations of this paragraph. Further answering, Defendant expressly denies that this case qualifies for certification as a class action, denies that the requirements for class certification under Rule 23 are met in this case, and denies any and all allegations of wrongdoing.

24. Answering Paragraph 24, Defendant denies the allegations of this paragraph. Further answering, Defendant expressly denies that this case qualifies for certification as a class action, denies that the requirements for class certification under Rule 23 are met in this case, and denies any and all allegations of wrongdoing.

25. Answering Paragraph 25, Defendant states that this paragraph states legal conclusions, to which no responses are required. To the extent such allegations are intended to be factual, Defendant denies Plaintiff's allegations and claims and denies any remaining allegations of this paragraph. Further answering, Defendant expressly denies that this case qualifies for certification as a class action, denies that the requirements for class certification under Rule 23 are met in this case, and denies any and all allegations of wrongdoing.

26. Answering Paragraph 26, Defendant states that this paragraph states legal conclusions, to which no responses are required. To the extent such allegations are intended to be factual, Defendant denies Plaintiff's allegations and claims and denies any remaining allegations of this paragraph. Defendant expressly denies that this case qualifies for certification as a class action, denies that the requirements for class certification under Rule 23 are met in this case, and denies any and all allegations of wrongdoing. Further answering, Defendant expressly denies that it violated the SCRA and denies all of Plaintiff's claims.

27. Answering Paragraph 27, Defendant states that this paragraph states legal conclusions, to which no responses are required. To the extent such allegations are intended to be factual, Defendant denies Plaintiff's allegations and claims and denies any remaining allegations of this paragraph. Further answering, Defendant expressly denies that this case qualifies for certification as a class action, denies that the requirements for class certification under Rule 23 are met in this case, and denies any and all allegations of wrongdoing.

28. Answering Paragraph 28, Defendant states that to the extent this paragraph states legal conclusions, no response is required. To the extent such allegations are intended to be factual, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and accordingly denies them. Further answering, Defendant expressly denies that this case qualifies for certification as a class action, denies that the requirements for class certification under Rule 23 are met in this case, and denies any and all allegations of wrongdoing. Defendant denies any remaining allegations of this paragraph.

29. Answering Paragraph 29, Defendant states that this paragraph states legal conclusions, to which no responses are required. To the extent such allegations are intended to be factual, Defendant denies Plaintiff's allegations and claims and denies any remaining

allegations of this paragraph.  Further answering, Defendant expressly denies that this case qualifies for certification as a class action, denies that the requirements for class certification under Rule 23 are met in this case, and denies any and all allegations of wrongdoing.

### FOR A FIRST DEFENSE TO THE FIRST CAUSE OF ACTION
(Violation of 50 U.S.C. App. 527(b)(2)—Declaratory Judgment)

30.     Answering Paragraph 30, Defendant incorporates by reference its answers to the allegations referenced in this paragraph as if fully set forth herein.

31.     Answering Paragraph 31, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of this paragraph and accordingly denies them.  With respect to the second sentence of this paragraph, Defendant admits that Plaintiff's home loan purportedly originated on June 25, 1997.  The remainder of the second sentence of this paragraph purports to cite to, characterize, and quote from a federal statute, which speaks for itself as to its contents.  Accordingly, Defendant denies any characterizations or allegations of the same that are contrary thereto.  With respect to the third sentence of this paragraph, Defendant admits that it was informed, at some point in time, that Plaintiff had been called to active duty.  The remainder of the allegations in the third sentence of this paragraph state legal conclusions, to which no response is required.  To the extent that these allegations are intended to be factual, Defendant denies Plaintiff's allegations and claims.  Defendant denies any remaining allegations of this paragraph.

32.     Answering Paragraph 32, Defendant states that this paragraph purports to cite to, characterize, and quote from a federal statute, which speaks for itself as to its contents. Accordingly, Defendant denies any characterizations or allegations of the same that are contrary thereto.  In addition, this paragraph states legal conclusions, to which no responses are required.

To the extent such allegations are intended to be factual, Defendant denies Plaintiff's allegations and claims. Defendant denies any remaining allegations of this paragraph.

33. Answering Paragraph 33, Defendant denies the allegations of this paragraph, expressly denies that it violated the SCRA, denies all of Plaintiff's claims, and denies any and all allegations of wrongdoing.

34. Answering Paragraph 34, Defendant states that this paragraph purports to cite to, characterize, and quote from a federal statute, which speaks for itself as to its contents. Accordingly, Defendant denies any characterizations or allegations of the same that are contrary thereto. Defendant denies any remaining allegations of this paragraph.

35. Answering Paragraph 35, Defendant admits that Plaintiff, on behalf of himself and a putative class, purports to seek a declaratory judgment. Defendant further admits that Plaintiff purports to seek the costs of the action and attorneys' fees. Defendant expressly denies that it violated the SCRA, denies all of Plaintiff's claims, denies that Plaintiff and any putative class are entitled to any relief, and denies any and all allegations of wrongdoing. Further answering, Defendant expressly denies that this case qualifies for certification as a class action and denies that the requirements for class certification under Rule 23 are met in this case. Defendant denies any remaining allegations of this paragraph.

## FOR A FIRST DEFENSE TO THE SECOND CAUSE OF ACTION
### (Violation of 50 U.S.C. App. 527—Statutory Action for Monetary Damages)

36. Answering Paragraph 36, Defendant incorporates by reference its answers to the allegations referenced in this paragraph as if fully set forth herein.

37. Answering Paragraph 37, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of this paragraph and accordingly denies them. With respect to the second sentence of this paragraph,

Defendant admits that the Wray loan purportedly originated on June 25, 1997. The remainder of the second sentence of this paragraph purports to cite to, characterize, and quote from a federal statute, which speaks for itself as to its contents. Accordingly, Defendant denies any characterizations or allegations of the same that are contrary thereto. With respect to the third sentence of this paragraph, Defendant admits that it was informed, at some point in time, that Plaintiff had been called to active duty. The remainder of the allegations in the third sentence of this paragraph state legal conclusions, to which no response is required. To the extent that these allegations are intended to be factual, Defendant denies Plaintiff's allegations and claims. Defendant denies any remaining allegations of this paragraph.

38.    Answering Paragraph 38, Defendant states that this paragraph purports to cite to, characterize, and quote from a federal statute, which speaks for itself as to its contents. Accordingly, Defendant denies any characterizations or allegations of the same that are contrary thereto. In addition, this paragraph states legal conclusions, to which no responses are required. To the extent such allegations are intended to be factual, Defendant denies Plaintiff's allegations and claims. Defendant denies any remaining allegations of this paragraph.

39.    Answering Paragraph 39, Defendant denies the allegations of this paragraph, expressly denies that it violated the SCRA, denies all of Plaintiff's claims, and denies any and all allegations of wrongdoing.

40.    Answering Paragraph 40, Defendant denies the allegations of this paragraph, expressly denies that it violated the SCRA, denies all of Plaintiff's claims, and denies any and all allegations of wrongdoing.

41.    Answering Paragraph 41, Defendant states that this paragraph purports to cite to, characterize, and quote from a federal statute, which speaks for itself as to its contents.

Accordingly, Defendant denies any characterizations or allegations of the same that are contrary thereto. Defendant denies any remaining allegations of this paragraph.

42. Answering Paragraph 42, Defendant admits that Plaintiff, on behalf of himself and a putative class, purports to seek compensatory, consequential, and punitive damages. Defendant further admits that Plaintiff purports to seek the costs of the action and attorneys' fees. Defendant expressly denies that it violated the SCRA, denies all of Plaintiff's claims, denies that Plaintiff and any putative class are entitled to any relief, and denies any and all allegations of wrongdoing. Further answering, Defendant expressly denies that this case qualifies for certification as a class action and denies that the requirements for class certification under Rule 23 are met in this case.

43. Defendant denies each and every allegation contained in the Plaintiff's Prayer for Relief and specifically denies that Plaintiff and the putative class members are entitled to any relief.

## FOR A SECOND DEFENSE
### (General Denial)

44. Defendant denies each and every allegation of the Amended Complaint not specifically admitted above.

## FOR A THIRD DEFENSE
### (Failure to State a Claim)

45. Defendant states that Plaintiff's Amended Complaint fails to state any claim upon which relief may be granted.

## FOR A FOURTH DEFENSE
### (Compliance with Applicable Statutes and Regulations)

46. Defendant states that it complied with all applicable statutes and regulations, thereby barring all of Plaintiff's claims.

**FOR A FIFTH DEFENSE**
**(Standing)**

47.     Plaintiff and/or putative class members lack standing to seek the relief requested in the Amended Complaint and/or lack standing to bring some or all of the claims alleged in this litigation.  For example, Plaintiff did not pay more than 6% interest during the SCRA period for which he is claiming benefits after accounting for all bank adjustments.  Moreover, Plaintiff paid more towards the principal balance on his mortgage loan under the methodology utilized by Defendant than he would have paid under the methodology advocated by Plaintiff.

**FOR A SIXTH DEFENSE**
**(Others Responsible)**

48.     Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the Amended Complaint because their alleged losses and damages, if any, were proximately and exclusively caused by their own actions or omissions, or by the actions or omissions of third parties.

**FOR A SEVENTH DEFENSE**
**(Lack of Causation)**

49.     Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the Amended Complaint because the manner in which Defendant allegedly applied the SCRA has not caused Plaintiff, and all those on whose behalf Plaintiff purports to act, to have less equity in their homes than they otherwise would.  To the contrary, Plaintiff has more equity in his home than he otherwise would have if Defendant had applied the SCRA in the manner that Plaintiff contends Defendant was required to apply it.

## FOR AN EIGHTH DEFENSE
### (Contract Terms Bar Claims)

50. Plaintiff's claims are barred, in whole or in part, by the terms of his Deed of Trust and Note.

## FOR A NINTH DEFENSE
### (Statute of Limitations)

51. The claims alleged in this Amended Complaint are barred in whole or in part by the applicable statutes of limitation.

## FOR A TENTH DEFENSE
### (Class Certification Not Appropriate)

52. Plaintiff cannot maintain this action as a class action under the Federal Rules of Civil Procedure. Among other things, Defendant expressly denies that there are common questions of law and fact, that such questions predominate over individual issues, that Plaintiff's claims are typical, and/or that individualized issues can be adjudicated on a classwide basis, and that Plaintiff is an adequate class representative.

## FOR AN ELEVENTH DEFENSE
### (Class Action Not Superior)

53. Plaintiff cannot maintain this action as a class action under Federal Rule of Civil Procedure 23(b)(3) because a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy. Government settlements that make significant relief available to putative class members are superior to class litigation. In particular, the National Mortgage Settlement Consent Judgment agreed to by Defendant, the United States Department of Justice, 49 states, and the District of Columbia in April 2012 makes significant relief available to putative class members without incurring the uncertainty, expense, and delay of litigation.

**FOR A TWELFTH DEFENSE**
**(Failure to Mitigate Damages)**

54. To the extent that any alleged damages exist, which allegation Defendant denies, Plaintiff and/or the putative class failed to mitigate their alleged damages. As a result, any recovery must be reduced.

**FOR A THIRTEENTH DEFENSE**
**(Set-Off)**

55. The relief sought by the Amended Complaint is subject to set-off of all sums due and owing by Plaintiff and/or the putative class members.

**FOR A FOURTEENTH DEFENSE**
**(Consent and/or Waiver)**

56. Plaintiff's and/or the putative class members' claims are barred, in whole or in part, by principles of consent and/or waiver.

**FOR A FIFTEENTH DEFENSE**
**(Estoppel)**

57. Plaintiff's and/or the putative class members' claims are barred, in whole or in part, by principles of estoppel.

**FOR A SIXTEENTH DEFENSE**
**(Punitive Damages Barred)**

58. CitiMortgage, Inc. states that Plaintiff's and/or the putative class members' claims for punitive damages are barred for one or more of the following reasons:

    A. The recovery of punitive damages by the Plaintiff and/or putative class members in this case is barred by 50 U.S.C. App. § 597a, which does not provide for an award of punitive damages.

B.    The recovery of punitive damages by the Plaintiff and/or putative class members in this case for conduct prior to the enactment of 50 U.S.C. App. § 597a is barred because any award of punitive damages would be impermissibly retroactive.

C.    The recovery of punitive damages by the Plaintiff and/or putative class members in this case is barred by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, because the standards and procedures for determining and reviewing such awards under applicable law do not sufficiently ensure a meaningful individualized assessment of the appropriate deterrence and retribution.

D.    The recovery of punitive damages by the Plaintiff and/or putative class members in this case is barred by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, because there are not realistic standards or limits imposed on the amount of punitive damages which may be awarded, and there is no required relationship between the actual damages sustained and the amount of punitive damages that may be awarded.

E.    The recovery of punitive damages by the Plaintiff and/or putative class members in this case is barred by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, because the vague standards employed in punitive damages cases result in extremely disparate results among similar defendants accused of similar conduct.

### FOR A SEVENTEENTH DEFENSE
### (Payment, Release, Accord and Satisfaction, or Recoupment)

59.    The claims of Plaintiff and/or putative class members fail, in whole or in part, to the extent barred by payment, release, accord and satisfaction, and/or recoupment.

## FOR AN EIGHTEENTH DEFENSE
### (Reservation of Rights)

60. Defendant states that, following completion of discovery and investigation into this matter, additional defenses may become available. Defendant reserves the right to assert additional defenses that may be discovered in the course of these proceedings. Defendant further reserves the right to assert additional defenses, counterclaims, and claims for set-off regarding the claims of absent class members in the event that this action is certified for class treatment.

WHEREFORE, having fully responded to the Amended Complaint of the Plaintiff, Defendant denies that Plaintiff is entitled to any of the relief requested in the Amended Complaint, denies that Plaintiff is entitled to certification of any class, and prays that the Amended Complaint be dismissed, with prejudice, and for such other and further relief as the Court may deem just and proper.

*SIGNATURE PAGE ATTACHED*

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:/s/B. RUSH SMITH III_____
    B. Rush Smith III
    Federal Bar No. 5031
    E-Mail: rush.smith@nelsonmullins.com
    A. Mattison Bogan
    Federal Bar No. 9826
    E-Mail: matt.bogan@nelsonmullins.com
    Sarah B. Nielsen
    Federal Bar No. 10645
    E-Mail: sarah.nielsen@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC  29201
    (803) 799-2000

and

MAYER BROWN LLP

By:/s/LUCIA NALE_____
    Lucia Nale (admitted pro hac vice)
    E-Mail:  lnale@mayerbrown.com
    Debra Bogo-Ernst (admitted pro hac vice)
    E-Mail:  dbogoernst@mayerbrown.com
    71 South Wacker Drive
    Chicago, IL  60606
    (312) 782-0600

Dated:  February 18, 2014